THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX CAMACHO MATOS, Defendant and Appellant.

No. 13159. Argued November 1, 1948.—Decided November 16, 1948.

*R. Atiles Moréu* for appellant.  *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Félix Camacho Matos, appellant herein, was accused and convicted of the crime of rape in the District Court of Aguadilla. In support of his appeal he assigns fifteen errors, which will be discussed in the course of this opinion.

■ In the first two assignments he contends that the lower court erred in permitting the district attorney to ask certain leading questions. Although in the information it was alleged that the defendant had sexual intercourse with Haydée Lugo Santiago by means of force and violence, the evidence showed that a female of tender age was involved. In cases of this kind usually the female, due to her natural modesty, feels reluctant to answer many of the questions put to her and, hence, in order that the exact truth of what has occurred be displayed before the jury, the court is compelled to permit the public prosecutor to ask leading questions. *People* v. *Méndez*, 41 P.R.R. 274; *People* v. *Arenas*, 39 P.R.R. 14; and *People* v. *Juarbe*, 37 P.R.R. 433. That was precisely what happened in this case.

■■ In the third, eighth, and twelfth assignments the defendant urges that the lower court erred in permitting oral testimony regarding the age of the prosecutrix, when in his judgment the best evidence would have been the birth certificate of said prosecutrix. Such error is nonexistent. We are not dealing here with any special modality of rape, but with rape committed by means of force and violence, wherein the age of the prosecutrix does not play any part whatever. But see *People* v. *Valladares*, 51 P.R.R. 634; *People* v. *Rodríguez*, 47 P.R.R. 84; and *People* v. *Millán*, 35 P.R.R. 817. Cf. *López* v. *Bravo*, 68 P.R.R. 470.

■ The fourth and fifth assignments are to the effect that the district court erred in sustaining the objection of the district attorney when the defense asked the prosecutrix how long did it take the defendant to drag her from the wire fence to the place where she stated he had carried and laid her; and in obstructing the defense when the latter was laying a foundation to impeach the witness, by sustaining the district attorney in an objection which prevented the defense from laying such a foundation. These errors are also nonexistent. The prosecutrix, through other questions put to her by the defense, had already answered that she went out

alone from her house toward that of her aunt Orida Santiago; that while she was traveling over the road of the ward of Bartolo, Lares, the defendant, who was hiding, came out and seized her by her arms, pushed her through a wire fence, laid her in a coffee plantation, and then ravished (*abusó*) her; that the defendant was armed with a cutlass (*perrillo*) and pulled her towards the coffee plantation; that he tore her panties and took them off and that she could not scream because he covered her mouth with a handkerchief. The questions to which these assignments refer were really repetitions of other prior ones, and no error is committed when in order to avoid repetitions and to prevent unnecessary delay in the proceedings the court puts an end to a useless interrogatory or sustains any objection made by the district attorney in that respect. *People* v. *Gómez*, 45 P.R.R. 787; *People* v. *Munera*, 39 P.R.R. 267, 272; *People* v. *Aponte*, 26 P.R.R. 537; and *People* v. *Español*, 16 P.R.R. 203.

■■ In the sixth and seventh assignments it is contended that the lower court erred in not permitting the witness Orida Santiago to testify regarding the observations made by the physician, and also whether she called the attention of the latter to the marks or bruises exhibited by Haydée Lugo Santiago. Naturally, this witness could testify regarding what she noticed on the body of the prosecutrix but not as to whether the physician saw any marks or bruises on her. The latter fact was a matter for the physician himself to testify to, and he confined himself to the statement that he had only examined the vagina of the minor. Regarding the fact of not permitting the question as to whether or not said witness called the attention of the physician to the bruises or marks, the error, if any, was not prejudicial, since, as we have already stated, the physician testified that he had not examined the other parts of the body of Haydée. Errors which are not prejudicial are not reversible. *People* v. *Pou*, 55 P.R.R. 297.

■ The ninth, tenth, and eleventh errors assigned are

that the court erred in sustaining the district attorney when the defense asked the father of the prosecutrix if the defendant visited his house; in permitting the district attorney to ask the defendant if he got up and went to Central Pellejas in order to disappear from the ward of Bartolo; and if his wife divorced him "because of this matter of the rape of this young lady." To the rulings made by the court in connection with the foregoing objections raised by the district attorney, the defendant took no exception, or took it belatedly. Errors not excepted to or excepted to when the witness has already answered the question, are not reversible. *People* v. *González*, 35 P.R.R. 617. Cf. *People* v. *Cruz*, 46 P.R.R. 520.

■ Although the prosecutrix herself and also the latter's father at the trial stated that she was 12½ years old, the court at no time instructed the jury that the child was of that age. It was after the verdict was rendered and when the defense requested that the case be referred to the probation officer that the court, in denying such a request for several reasons, made reference to the age of the minor. The thirteenth error is also nonexistent.

■■ In the fifteenth assignment of error it is urged that the verdict is contrary to law. The evidence for the prosecution tended to show that the appellant had sexual intercourse with the prosecutrix by means of force and violence. The defense of the defendant was an alibi, and also that, although he had sexual intercourse with Haydée Lugo Santiago, it was due to the fact that he and she were lovers and that on the night of the occurrence he slept in the house of her family with the consent of her parents, and that at dawn Haydée came into the room where he slept, climbed into his bed, and they had carnal intercourse with her consent.

When a case is tried before a jury it is wholly incumbent upon them to weigh the evidence, and we will not disturb their verdict unless we are convinced that they committed manifest error in weighing said evidence, or that they acted

under the influence of passion, prejudice, or partiality. *People* v. *Santos*, 67 P.R.R. 610; *People* v. *Rodríguez*, 67 P.R.R. 230; *People* v. *Alvarado*, 55 P.R.R. 24, and cases cited therein. The examination which we have made of the transcript of the evidence does not convince us that any of these defects are present.

■ Lastly, in the fourteenth assignment it is urged that the court erred in not referring the instant case to the probation officer. The granting to a defendant of the benefit of the provisions of Act No. 259 of April 3, 1946 (Sess. Laws, p. 534), is wholly discretionary with the court before which the case is tried. *People* v. *Marrero*, 68 P.R.R. 854, *People* v. *Feliciano*, 67 P.R.R. 227; and *People* v. *Emmanuelli*, 67 P.R.R. 626, in the last of which cases we stated: "The conclusion reached by a court as to whether defendant should be granted the benefit of a suspended sentence, rests in its sound discretion, keeping in mind, of course, each and everyone of the facts of the case . . ." Taking into consideration, among others, the fact that the crime was committed by a married man upon the person of a girl of tender age, and also the fact that a recommendation made by a probation officer is never binding on the trial court, the latter did not err in refusing to refer the case to said officer.

Since none of the errors assigned were committed, the judgment appealed from should be affirmed.